IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**RODOLFO SALINAS,**
                    Petitioner,

-vs-                                                              Case No.  A-14-CA-1137-LY

**GREG HAMILTON,**
                    Respondent.

_____

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended.

Before the Court is Petitioner's application for habeas corpus relief.  Petitioner has been granted leave to proceed in forma pauperis.  For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

BACKGROUND

According to Petitioner, he is incarcerated in the Travis County Correctional Complex.  He is being held on several criminal charges that were brought against him in Travis County, Texas.  Those charges are currently pending.  Petitioner files the current petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting he be released from Travis County custody due to bad medical care.

ANALYSIS

It is well-established a state pre-trial detainee may challenge the power and authority of the State to bring him to trial and the constitutionality or lawfulness of his present confinement by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) ("Pre-trial petitions such as [Petitioner]'s are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him."). A writ of habeas corpus is the appropriate legal vehicle to challenge the fact of a petitioner's confinement. However, a civil rights complaint under 42 U.S.C. § 1983 is the appropriate legal vehicle to challenge the conditions of confinement. *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994)

Petitioner's claims, challenging his medical care, are not properly raised in a petition for writ of habeas corpus. The Court should not construe Petitioner's petition as a civil rights complaint, because Petitioner already has pending two civil rights cases filed in Cause Nos. A-14-CV-1034-LY and A-14-CV-1073-LY.

RECOMMENDATION

It is therefore recommended that Petitioner's Application for Writ of Habeas Corpus be dismissed without prejudice. Petitioner's claims will be addressed in his pending civil rights cases.

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained

within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of January, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE